W. Willard WIRTZ, Secretary of Labor,
Plaintiff,

v.

LOCAL UNION NO. 1377, INTERNA-
TIONAL BROTHERHOOD OF ELEC-
TRICAL WORKERS, AFL–CIO, De-
fendant.

LOCAL UNION NO. 1377, INTERNA-
TIONAL BROTHERHOOD OF ELEC-
TRICAL WORKERS, AFL–CIO, Plain-
tiff,

v.

W. Willard WIRTZ, Secretary of Labor,
Defendant.

Nos. C 66–1, C 68–924.

United States District Court
N. D. Ohio, E. D.

June 6, 1969.

Joseph E. Finley, Arlene B. Steuer, Cleveland, Ohio, for Union of Electrical Workers.

Bernard Stuplinski, Cleveland, Ohio, for the Government.

## MEMORANDUM OPINION

CONNELL, District Judge.

This case is before this Court pursuant to 28 U.S.C. § 2201 and § 1337. Case 1061–68 was filed originally in the United States District Court for the District of Columbia, and subsequently transferred to the Northern District of Ohio upon motion by the Secretary of Labor; Case No. C 68–924.

At the time of filing in the District of Columbia, there was pending in this Court the case of Local Union No. 1377 v. W. Willard Wirtz, Case No. C 66–1. Upon motion by the attorneys for the Union the two cases were ordered consolidated by this Court. These cases are now before this Court on cross motions for summary judgment.

The facts of the two cases are briefly that a charge was filed by a member of Local Union No. 1377, alleging that two members of the Union were illegally deprived of their rights to be candidates for election. Upon stipulation, the Secretary and the Union agreed to conduct a new election, which was held on November 18, 1967, under the control and

**642**

supervision of the Secretary of Labor. The Secretary of Labor now declines to certify the results of that election. Local Union No. 1377 claims that in this case a mandatory duty is imposed on the Secretary to certify the election pursuant to 29 U.S.C. § 482(c).

The Secretary of Labor claims that due to inadequate parking facilities, inclement weather, and harassment of prospective voters, some members left before casting their ballots for the candidates. These allegations fall into the vague argument put forth by the Secretary that the election did not meet the "high standards" required under the act.

In Wirtz v. Local Union No. 125, International Hod Carriers', Building and Common Laborers' Union of America, 231 F.Supp. 590, 596 (1964) the Court points out that the burden of proof must be borne by the party who desires to set aside the election. Under this rule, the Union can presume that the election is valid unless the contrary can be proven. The law as stated in Wirtz v. Teamsters Industrial and Allied Employees Union Local No. 73, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 257 F.Supp. 784, 791 (1966) gives the Courts the authority to act with regard to Union elections when a question arises with regard to possible violation of 29 U.S.C. § 481.

In N.L.R.B. v. Carolina Natural Gas Corporation, 386 F.2d 571, 574 (1967) a similar set of facts arises concerning several incidents during a Union election. In this case the Court states that such incidents are isolated and could not possibly have had the effect, singly or cumulatively of impairing the members freedom of choice. In this case and in the case before the Court, the Secretary has not made any allegations of specific adverse effects on the election rendering benefit or harm to any particular side. There being no evidence of specific harm, whatever hardships that may have existed during the election may be said to have equally affected both sides. Such determination of injury would be conjecture on the part of this Court.

In the case of Miami Newspaper Printing Pressmen's Union Local 46 v. McCulloch, 116 U.S.App.D.C. 243, 322 F.2d 993 (1963) the Court points out the duty of the Board to set aside an election which has been unfairly conducted either because of employer or union coercion. However, when such election was conducted by the Board the Court held that the law imposed a mandatory duty on the Board to certify the results of the election.

The vague allegations in the instant case make no positive charge of advantage to one side or the other, and in light of the analogous cases cited, it is the opinion of this Court in this case that the language of 29 U.S.C. § 482(c) places a mandatory duty on the Secretary to certify the election in which it supervised, and furthermore, such acts of the Secretary in this case were arbitrary and prejudicial to the rights of the Union.

It is ordered that the Secretary certify the election of November 18, 1967 and the motion for summary judgment in favor of Local Union No. 1377 is granted.